# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

EDWARD EARL THOMAS,

    Plaintiff,                       CASE NO. 06-CV-10196-BC

v.                                   DISTRICT JUDGE DAVID M. LAWSON
                                    MAGISTRATE JUDGE CHARLES BINDER

EASTERN DISTRICT OF MICHIGAN,

    Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

For the reasons set forth below, and pursuant to the order enjoining Plaintiff from any future filings, issued May 18, 2004, in Case No. 04-10087, **IT IS RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE**.

### II.     REPORT

By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management on January 24, 2006. (Dkt. 3.) On January 13, 2006, a document entitled "Motion - Appeal if Needed De Novo; Complaint - Prisoner - On Manifest Error(s) et. al." was filed by Plaintiff and docketed by the clerk. The 'complaint' begins with the words "Dear Chief Judge or Judge(s) (state) pure conjecture. . . ." The sole Defendant is listed as The Eastern District of Michigan, Bay City, Michigan.

Purporting to cite three rules, two of which do not exist in the Federal Rules of Civil Procedure, the Plaintiff appears to allege that some error was made in the processing of summonses in seven cases sought to be filed by this Plaintiff. Presuming the accuracy of the case numbers listed, they were filed in the Southern Division of this Court at least eight years ago. The prayer for relief contained in the "complaint" is indicative of Plaintiff's allegations:

> Request for Relief (state)
>
> This case is for 900,000,000 on malpractice, mischief, clerical error(s), procedure rule 4, 4.1, and 4.2 to send U.S. Marshall [sic] summons then medical and mental damage a jury trial and I asks for counsel from Court. Check Terry Lynn Land Legal and Regulatory Service State of Michigan and the IRS.

Noting that Plaintiff is "a frequent litigator in this Court," that the "federal courts have a 'responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others,'" and that the "Sixth Circuit has long recognized a district court's power to limit the filing of lawsuits by vexatious litigants" (citations omitted), on May 18, 2004, Judge Lawson found that Plaintiff's "filing history demonstrates an abuse of the legal process as well as a waste of this Court's resources." (*Thomas v. State Courthouse*, 04-10087, Dkt. 7.) As a result, Judge Lawson enjoined Plaintiff from filing any further lawsuits without the prior permission of the Court.

I suggest that pursuant to that order, this purported "complaint" also be dismissed with prejudice. Plaintiff purports to cite rules of procedure that do not exist. The gravamen of Plaintiff's "complaint" is entirely incomprehensible to this judicial officer. I can find no meaningful cause of action raised against this Court, its officers, or anyone else. Plaintiff's allegations amount to little more than neatly handwritten strings of meaningless words. I suggest that the reasons underlying Judge Lawson's earlier injunction apply equally to this "complaint,"

which I conclude is totally frivolous. Accordingly, I suggest that dismissal with prejudice is appropriate.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                                  s/ *Charles E Binder*
                                                         CHARLES E. BINDER
Dated: January 30, 2006                                    United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Edward Earl Thomas and Honorable David M. Lawson.

Dated: January 30, 2006                                         By     s/Mary E. Dobbick
                                                                               Secretary to Magistrate Judge Binder